travel requests, and his perception that he is considered a minority advocate and therefore has a limited career potential. Id.  The physician specifies the Plaintiff's successful performance in his one-year detail at NSF as an example of his ability to perform his responsibilities and states that he believes that Plaintiff is able to handle the duties specified in the provided position description and its associated stress. Id.  The only modification that is recommended by the physician is that a transfer be effected and that the Plaintiff be allowed to ease back in the work place on a part-time basis. Id.

Based upon the recommendation in the Plaintiff's physician's letter dated September 26, 2000, Dr. Phelps informed the Plaintiff on October 23, 2000, that his medical situation did not rise to the level of requiring the requested transfer as a reasonable accommodation. (R.I. No. 9, Ex. 5, Att. CC)

**PLAINTIFF'S DEMAND FOR ATTORNEY'S FEES SHOULD BE STRICKEN FROM THE COMPLAINT.**

In his prayer for relief, plaintiff seeks attorney's fees and costs.  Complaint, p 32.  Pro se litigants are not entitled to attorney's fees. Kay v. Ehrler, 499 U.S. 432 (1991).

**CONCLUSION**

For the foregoing reasons, the case should be dismissed, or in the alternative, summary judgment should be entered on Defendant's behalf.