UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
AHMAD B. NURRIDDIN,                )
                                                    )
                        Plaintiff,          )          Civil Action No. 04-2052 (JDB)
                                                    )          ECF
                                                    )
                        v.                  )
                                                    )
MICHAEL GRIFFIN, ADMINISTRATOR, )
            NASA,                          )
                                                    )
                                                    )
                        Defendant.       )
_____)

**STATEMENT OF MATERIAL FACTS
NOT IN DISPUTE**

　　1.  Plaintiff received a "fully successful" appraisal for the rating period of July 1, 1996 to

June 30, 1997.  Nurriddin Affidavit, Exhibit 25.

　　2.  In October 1997, Plaintiff submitted a request for 26.5 hours of compensatory time to

attend a conference on a weekend.  On the form for justification he wrote "GSRP" (Graduate

Student Researchers Program).  Sherri McGee sent the form back to him requesting additional

information.  Plaintiff never resubmitted his request for compensatory time.  McGee Affidavit,

Exhibit 7, 10, 17, 23, 26.

　　3.  As part of the classification review process, Plaintiff was asked to submit information

concerning his experience and education.  Affidavit of Frank Owens, Exhibits 18, 22.

　　4.  Plaintiff did not submit documentation necessary to initiate a classification review

process.  Affidavit of Frank Owens, Exhibits 18, 22; Affidavit of Sherri McGee, Exhibits 7, 10,

17, 23, 26.

5.  Plaintiff does not have a degree in Education.  Affidavit of Sherri McGee, Exhibits 7,

10, 17, 23, 26.

6.  In Code FE, there are only five persons who are classified as series 1701 and each of

them has a degree in education.  Affidavit of Sherri McGee, Exhibits 7, 10, 17, 23, 26.

7.  For an employee to be placed in the 1701 series, he or she must have a degree in

Education or, at a minimum, 24 credit hours in Education.  Affidavit of Clifford Woods, Exhibits

21, 24.

8.  After considering various options, Sherri McGee decided to offer the window cubicle

space to the person with the longest time in grade.  Affidavit of Sherri McGee, Exhibits 7, 10, 17,

23, 26.

9.  There were extensive problems with the management of the National Physical

Sciences Consortium program.  Plaintiff favored cancelling the grant.  The Consortium requested

that Plaintiff be removed from the program.  Snow Letter, April 3, 1998.  Mr. Owens wanted

NASA to maintain a commitment to the program until the student involvement was completed.

Affidavit of Sherri McGee–as amended 6/2/99, Exhibit 17.

10.  NASA was phasing out the program because of continual problems with funding and

disputes between NASA and the Consortium.  The removal of the program administration from

Plaintiff did not negatively affect his performance appraisal.  Affidavit of Frank Owens, 6/3/99,

Exhibit 18.   Frank Owens letter of 9/10/99.

11.  Plaintiff was not removed from the education panel at the NAACP Convention on

June 10, 1998.  Affidavit of Frank Owens, 6/3/99, Exhibit 22.  Apparently Plaintiff was not

apprised of the panel because he did not consult his "Meeting Maker" software program.  Id.

12.  Plaintiff was not responsive to Dr. Phelps' requests to meet with him regarding his appraisal and his failure to utilize "Meeting Maker".  Phelps' Affidavit, Exhibits 6, 9, 19, 20.

13.  Vicki Novak, Assoc. Administrator for Human Resources and Education, found the charges in the official reprimand of August 26, 1998, to be accurate.  Novak Memo, May 27, 1999.

14.  Vicki Novak, Assoc. Administrator for Human Resources and Education, took final action on Plaintiff's official reprimand.  Id.

15.  Dr. Phelps issued an official reprimand to Plaintiff finding that he failed to follow procedures concerning conference attendance and failure to follow directions.  Official Reprimand, August 26, 1998, Exhibit 2.

16.  Dr. Phelps issued an official reprimand to Plaintiff finding that he had a continuing attendance problems and his failure to follow leave procedures.  Official Reprimand, 10/30/98, Exhibit 5.

17.  Dr. Phelps documented Plaintiff's failure to meet his work responsibilities.  Phelps' e-mail, 9/15/98, Exhibit 3; Phelps' Affidavit, Sept. 2000, Exhibit 9.

18.  Dr. Phelps documented Plaintiff's continuing attendance problems.  Phelps' Memorandum, 9/16/1998, Exhibit 4.

19.  Dr. Julius Dasch found Plaintiff's work to be poor.  Dasch Affidavit, Aug. 30, 1999, Exhibit 8.

20.  Plaintiff's performance has been minimal.  Affidavit of Franklin Owens, Exhibits 18, 22; Affidavit of Phelps, Exhibits 6, 9, 19, 20.

21.  NASA officials repeatedly documented their attempts to "achieve a positive and productive work experience for [Plaintiff]."  Owens Affidavit.

22.  Plaintiff had a difficult time working toward program objectives.  Id.

23.  The amount of budget allocation for travel granted to employees is dictated by the amount of programs which they manage.  Owens Affidavit.  Plaintiff only managed one program.  Owens Affidavit, Exhibits 18, 22; McGee Affidavit, Exhibits 7, 10, 17, 23, 26.

24.  Plaintiff could not have received a performance award on June 30, 1999, because he was out of the office for a significant part of the performance year.  Owens Affidavit, Exhibits 18, 22; Phelps Affidavit, Exhibits 6, 9, 19, 20; McGee Affidavit, Exhibits 7, 10, 17, 23, 26.

25.  Employees are free to determine what conferences/travel are related to their program areas.  Attendance is subject to the availability of travel and training funds as well as workload or other Division priorities.  McGee Affidavit, Exhibits 7, 10, 17, 23, 26.

26.  Mr. Nurriddin's doctor outlined various ailments that Plaintiff had, but there was no request for accommodation.  Letter of Paulette Quinn Britt, 9/24/01, Exhibit 15; Letter of Paulette Quinn Britt, 3/24/99, Exhibit 16.

Respectfully submitted,


_____
KENNETH L. WAINSTEIN
D.C. Bar No. 451058
United States Attorney


_____
R. CRAIG LAWRENCE
D.C. Bar No. 171538
Assistant United States Attorney


_____
CHARLOTTE A. ABEL
D.C. Bar No. 388582
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
(202) 307-2332