UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

———————————————————————
                                                    )
AHMAD B. NURRIDDIN,                                 )
                                                    )
                    Plaintiff,                      )        Civil Action No. 04-2052 (JDB)
                                                    )        ECF
                                                    )
              v.                                    )
                                                    )
MICHAEL GRIFFIN, ADMINISTRATOR,                     )
        NASA,                                       )
                                                    )
                                                    )
                    Defendant.                      )
———————————————————————)

## MOTION TO DISMISS

Federal defendant moves, pursuant to Fed.R.Civ.P.12(b)(1) and (b)(6), to dismiss the

amended complaint.[1]

The plaintiff, *pro se*, is an African-American male who contends that NASA ("the

Agency") discriminated against him from 1998 onwards[2], retaliated against him, and subjected

him to a hostile work environment on the basis of his race, sex, religion and disability.  He has at

least one other lawsuit pending and has brought at least nine separate administrative actions

before the EEOC.  The amended complaint consists of 7 counts containing 146 paragraphs.  In

the amended complaint, plaintiff describes seemingly endless work-place events which he alleges

---

[1]All of the documents referred to in this motion are contained within the Reports of
Investigations by the EEOC contained within the administrative case files referred to and
incorporated in the amended complaint.  Accordingly, defendant has not presented any matters
outside the pleadings.  See Fed. R. Civ. P. 12(c).

[2]Plaintiff stated at the status conference on April 27, 2006, that the claims in this case
arose in no earlier than 1998.  Therefore, defendant treats plaintiff's allegations describing
incidents prior to 1998 as background information.  Amended complaint, paragraphs 27-39.

were discriminatory.  In paragraphs 4, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 17 plaintiff identifies

various NASA staff who he claims played a role in the alleged discrimination against him.  In

paragraphs 18, 19, 20, 21, 22, 23 plaintiff describes the actions that he took administratively to

pursue his claims of discrimination.  He details six separate EEO complaints that he allegedly

made on 1) September 16, 1997; 2) January 6, 1998; 3) May 21, 1998; 4) September 9, 1998; 5)

May 9, 1999, and 6) August 18, 2000.  Plaintiff alleges that he followed up each of these

informal EEO complaints with formal complaints.

 WHEREFORE, defendant moves to dismiss the complaint based on the reasoning set

forth in the accompanying memorandum.

 A proposed order is attached.

    Respectfully submitted,

    ____/s/_____
    KENNETH L. WAINSTEIN
    D.C. Bar No. 451058
    United States Attorney


    ____/s/_____
    RUDOLPH CONTRERAS
    D.C. Bar No. 434122
    Assistant United States Attorney


    ____/s/_____
    CHARLOTTE A. ABEL
    D.C. Bar No. 388582
    Assistant United States Attorney
    555 Fourth St., N.W.
    Washington, D.C. 20530
    (202) 307-2332

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
AHMAD B. NURRIDDIN,                       )
                                          )
                    Plaintiff,            )        Civil Action No. 04-2052 (JDB)
                                          )        ECF
                                          )
              v.                          )
                                          )
MICHAEL GRIFFIN, ADMINISTRATOR, )
        NASA,                             )
                                          )
                                          )
                    Defendant.            )
_____)

## MEMORANDUM OF POINTS & AUTHORITIES
## IN SUPPORT OF MOTION TO DISMISS

Plaintiff is a former employee of NASA who brings this action under Title VII of the

Civil Rights Act of 1991 and the Rehabilitation Act.  He has been receiving compensation since

December 2000 for occupational disease.  He was fired from NASA on February 6, 2004, but

that is not the subject of this lawsuit.  Plaintiff alleges that he was discriminated against and

retaliated against based upon his race (African American), religion (Muslim), gender, and

disability.  In addition, he alleges that he was subject to a hostile work environment.

Complainant became a Federal employee in 1991 when his position as a contractor with

the Agency was converted to civil service.  At the time of conversion, Plaintiff worked in the

Publications Branch of the Agency's Educational Affairs Division.  He later moved to the

Education Branch.  Plaintiff started civil service as a GS-12 and was promoted to GS-13.

Amended complaint ¶ 5.

In 1998, Plaintiff requested a transfer from the Education Branch.  While the Agency considered the request, plaintiff was frequently absent on sick leave.  Plaintiff's request for a transfer was supported by his treating physiologist.  The Agency requested additional information to evaluate Plaintiff's condition in an attempt to determine if a reasonable accommodation was appropriate.  Letter from Paulette C. Quinn to Dr. Echeverry, November 12, 1998.

In early February 1999, Plaintiff was voluntarily detailed to the National Science Foundation ("NSF") for one year.  In a letter describing the detail, the Agency stated that the information provided by Plaintiff's physicians in December 1998 was insufficient to determine whether an accommodation was required pursuant to the terms of the American with Disabilities Act (ADA); however, the one-year NSF assignment was provided because it was believed to be in Plaintiff's best interest.  Report of Investigation ("ROI") 9, Ex. 5, Att. W.

In the amended complaint, Plaintiff outlines countless instances of what he perceives to be discriminatory and retaliatory behavior by his employer.  Plaintiff perceives much of the what was said to him, in person, in memoranda, and in e-mail correspondence, to constitute harassment.  Most of the information contained in the amended complaint is immaterial since it does not pertain to discrete instances of discrimination.  However, the discrete acts that plaintiff identifies include 1) the denial of a particular work cubicle ¶ 50; 2) the removal of work duties by Mr. Owens ¶51; 3) the failure of NASA management to provide adequate support staff and funding ¶ 52; 4) being spied upon ¶55; 5) being stalked and intimidated by Dr. Phelps ¶ 58; 6) denial of a non-competitive promotion ¶59; 7) being reprimanded ¶ 60; 8) being placed on leave restriction; 9) being closely scrutinized; 10) denied travel opportunities; 11) having his request for administrative leave partially denied ¶61; and 12) failure to accommodate his medical

4

disability.  Amended complaint ¶¶ 69-104.

## II.  LEGAL STANDARD

Motion to Dismiss

"[A] complaint should . . . be dismissed for failure to state a claim [if] it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief."  *Conley v. Gibson*, 355U.S. 41, 45-46 (1957).  In deciding a motion to dismiss under Rule 12(b)(6), facts alleged in the complaint must be presumed true and liberally construed in favor of the plaintiff. *See, e.g., Shear v. NRA*, 606 F.2d 1251, 1253 (D.C. Cir. 1979).  The court may consider certain additional evidence in deciding the motion.  *See Arizmendi v. Lawson*, 914 F.Supp. 1157, 1160-61 (E.D.Pa. 1996)("in resolving a Rule 12(b)(6) motion to dismiss, a court may properly look beyond the complaint to matters of public record including court files, records, and letters of official actions or decisions of government agencies and administrative bodies, documents referenced and incorporated in the complaint and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion.").

## III.  ARGUMENT

**PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES SO HIS CLAIMS SHOULD BE DISMISSED**

An aggrieved person who believes he has been discriminated against must contact an EEO counselor within 45 days of the alleged discrimination.  29 C.F.R. § 1614.105.  Thereafter, he must file a formal complaint of discrimination within 15 days of his final counseling interview.  29 C.F.R. § 1614.106(b).  If plaintiff does not exhaust his administrative remedies he cannot file a claim in federal court.  *Nurriddin v. Goldin*, 382 F.Supp.2d 79, 92 (D.D.C. 2005).  The purpose of the administrative process is to give the employer notice a claim and provide the

parties with an opportunity to resolve the complaint. *Nurriddin v. Goldin*, 382 F.Supp. 2d at 91 (D.D.C. 2005).

Plaintiff alleges that he was stalked and intimidated by Malcom Phelps on August 24, 1998. Amended complaint ¶ 58; EEO complaint # 7. Plaintiff's first contact with an EEO counselor occurred on September 9, 1998, well within the initial 45 day time period. However, plaintiff failed to file a formal complaint of discrimination within 15 days of his final counseling interview. Plaintiff's last contact with the EEO counsel was on December 16, 1998. EEO complaint 7, exhibit 3. Plaintiff did not file a formal complaint of discrimination until 29 days later on January 14, 1999. EEO complaint 7, exhibit 2. Thus, plaintiff failed to timely file a formal complaint of discrimination and he has thus failed to exhaust his administrative remedy with regard to allegedly being stalked by Dr. Phelps.

Likewise, with regard to Plaintiff's claim that he was reprimanded, plaintiff did not timely exhaust his administrative remedies. He alleges that he was reprimanded on either August 26, 1998 or on September 2, 1998, in retaliation for pursuing his EEO rights. Amended complaint ¶ 60; EEO complaint 7, exhibit 2, para. c. Plaintiff sought EEO counseling in a timely manner within 45 days of the alleged incident, but again, he failed to timely file a formal complaint of discrimination.

The same is true with regard to plaintiff's allegations that he was placed on leave restriction, closely scrutinized, reprimanded, was denied travel opportunities, had his request for administrative leave partially denied, and was denied accommodation for his alleged medical disability. Amended complaint ¶¶ 61, 69-104. These claims are all captured in EEO complaint 7, and in each instance, plaintiff arguable contacted an EEO counselor within 45 days of the

6

alleged discrimination, but in every case plaintiff failed to timely file a formal complaint within

15 days of the last contact with the EEO counselor (December 16, 1998.)  EEO complaint 7,

exhibits 2 & 3.  All of these claims should be denied for failure to exhaust administrative

remedies.

Plaintiff alleged that NASA management failed to provide adequate support staff and

funding.  Amended complaint  ¶ 52.  Defendant finds no evidence that plaintiff ever sought EEO

counseling or filed a formal complaint of discrimination on this issue.  ROI's 4-9.  He has failed

to exhaust his administrative remedies and these claims should be dismissed.

Plaintiff alleged that he was spied upon.  Amended complaint ¶ 55.  Specifically he

alleges that on June 12, 1998, Mr. Owens solicited Pam Bacon and Kevin Durham to spy on

plaintiff while at a NAACP convention.  *Id*.  It is not clear precisely when Plaintiff sought EEO

counseling for this alleged incident because he, in fact, sought counseling on May 7, 1998, and

on May 21, 1998, before this incident occurred.  However, as the incident is contained in the

EEO counselor's report dated August 26, 1998, defendant assumes that plaintiff timely sought

counseling.  However, plaintiff did not file a formal complaint of discrimination until September

9, 1998.  This is 19 days after his final counseling interview which took place on August 21,

1998.  EEO counselor's report, HQ-98-018, August 26, 1998.  Thus, plaintiff did not timely file a

formal complaint of discrimination and this claim should be dismissed.

Plaintiff alleged that he was denied a non-competitive promotion.  Amended complaint ¶

59.  Specifically, plaintiff complains that Mr. Gary Gans received a non-competitive promotion

whereas plaintiff was not promoted.  Plaintiff contends that Mr. Gans is a lesser-qualified white

co-worker.  *Id*.  Plaintiff speculates that Mr. Gans received the promotion as a reward for

allegedly providing testimony favorable to the Agency.  *Id*.  Although plaintiff did not state in the amended complaint the date on which this incident occurred, according to the addendum to plaintiff's formal complaint of discrimination, Mr. Gans was promoted on August 14, 1998. EEO complaint, ROI 7.  Plaintiff timely sought EEO counseling on September 9, 1998.  The final counseling interview took place on December 16, 1998 and plaintiff filed an  formal complaint of discrimination on January 14, 1999.  Complaint of discrimination, January 14, 1999.  Plaintiff's complaint was filed 29 days after the final counseling interview and was untimely filed.  Accordingly, this claim should be dismissed.

With regard to plaintiff's allegations that the above-described acts were retaliatory, all but two of plaintiff's claims must fail for failure to exhaust administrative remedies.  Since the United States Supreme Court Decision in *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), it has been the law that Title VII plaintiffs must timely exhaust their administrative remedies separately with respect to each discrete act of alleged discrimination or retaliation, and this Court has consistently applied the holding of *Morgan*.  *Romero-Ostolaza v. Ridge*, Civil Action No. 03-1890 (RCL), 2005 WL 736525 at 6-7 (D.D.C. March 31, 2005); *Velikonja v. Mueller*, 315 F. Supp. 2d 66, 74 (D.D.C. 2004); *Coleman-Adebayo v. Leavitt*, 326 F. Supp. 2d 132, 137-138 (D.D.C. 2004); *Bowie v. Ashcroft*, 283 F. Supp. 2d 25, 34 (D.D.C. 2003).  *See also, Dunlap v. Kansas Department of Health and Environment*, No. 02-3331, 2005 WL 737585, at 5, (10th  Cir. April 1, 2005), citing *Martinez v. Potter*, 347 F. 3d 1208, 1210 (10th Cir. 2003).  The only exception to the *Morgan* requirement that each act of discrimination or retaliation must be separately exhausted is where a series of acts are alleged to constitute a "hostile work environment" and at least one act constituting a part of that hostile work environment has been

8

administratively exhausted in a timely manner.  The two claims that plaintiff timely exhausted

were the denial of a particular work cubicle (Amended complaint ¶ 50), and the removal of work

duties by Mr. Owens.  (Amended complaint ¶ 51.)  These two claims should be dismissed on

other grounds (not adverse actions) and, thus, cannot be used as a basis for plaintiff to argue that

his hostile work environment claim is timely.

**PLAINTIFF CANNOT MAKE OUT A PRIMA FACIE CASE OF DISCRIMINATION BECAUSE THERE WERE NO ADVERSE PERSONNEL ACTIONS.**

Plaintiff must establish a prima facie case of discrimination by showing that "(1) he is a

member of a protected class; (2) he suffered an adverse employment action; and (3) the

unfavorable action gives rise to an inference of discrimination."  *Stella v. Mineta*, 284 F.3d at

144-45.   In order to make out a prima facie case of discrimination, where there is "no

diminuition in pay or benefits," plaintiff must show "materially adverse consequences affecting

the terms, conditions, or privileges of [his] employment or [his] future employment opportunities

such that a reasonable trier of fact could conclude that the plaintiff has suffered objectively

tangible harm."  *Brown v. Brody*, 199 F.3d 446 (D.C. Cir. 1999)*; Broderick v. Donaldson*, at 42.

"[C]hanges in assignments or work-related duties do not ordinarily constitute adverse

employment decision if unaccompanied by decrease in salary or work hour change."  (*Johnson v.

Demario,* 14 F. Supp. 2d 107*, 111 citing Mungin* v. *Katten Muchin & Zavie*, 116 F.3d 1549 (D.C.

Cir. 1997); and *Wideman v. Wal-mart Stores, Inc.,* 141 F.3d 1453, 1456 (11th Cir. 1998).  *See,*

*Sullivan-Obst v. Powell*, 300 F.Supp. 2d 85, 93 (D.D.C. 2004)("the bulk of these allegations do

not rise to the level of 'adverse personnel actions' as defined by this circuit.".

**a.  Plaintiff's non-assignment to a window cubicle was not an adverse action.**

In certain circumstances an office assignment can amount to an adverse employment

9

action.  For example, in *Singletary v. District of Columbia*, 225 F.Supp. 2d 43 (D.D.C. 2002), the

court found that an office assignment constituted an adverse employment action where

> The room to which plaintiff was assigned was not previously used as an office space, but
> rather was used as a general storage room.  The storage room was without heat or
> ventilation.  It was poorly lit....The only entrance to plaintiff's office was through a clinic
> to which plaintiff did not have keys.  The phone in the room often did not work.  The
> office space contained appropriate office furniture for him, but also contained brooms,
> boxes of debris, and 'a gigantic bunny rabbit.'

*Singletary*, 225 F.Supp. 2d at 58-59, *rev'd on other grounds*, 351 F.3d 519 (D.C. Cir. 2003).

The instant case is easily distinguishable from *Singletary* because here there are no

allegations that the space to which plaintiff was originally assigned was unhabitable or otherwise

unsuitable office space.  Consequently, the absence of a window cannot be deemed a cognizable

adverse action.

**b.  Reprimands are not adverse actions.**

Plaintiff alleges that the agency discriminated against him by reprimanding him.

Amended complaint ¶ 60.  Plaintiff's claim that he was reprimand should be dismissed because

the reprimand did not materially affect the terms, conditions, or privileges of his employment

and, thus, is not an adverse personnel actions.  *See Nurriddin v. Goldin*, 382 F.Supp. 2d 79, 94;

*Broderick v. Donaldson*, 338 F.Supp. 2d 30, 42. (D.D.C. 2004); *Walker v. WMATA*, 102 F.Supp.

2d 24, 29 (D.D.C. 2000).

**c.  Termination of duties and an invitation to co-workers to report on plaintiff are
not adverse employment actions.**

Plaintiff alleges that on April 30, 1998 his "work responsibilities for the National

Physical Sciences Consortium ("NPSC" or "Consortium") program were removed by Mr.

Owens."  Amended complaint ¶ 51.  It is true that NASA management, through Mr. Owens,

made a decision to take responsibility for the program away from Mr. Nurriddin.  The NPSC was

frustrated with Mr. Nurriddin's management of the program and Mr. Nurriddin was frustrated

with the NPSC.  Letter to Mr. Owens from L. Nan Snow, 4/3/98.  According to Mr. Owens,

NASA was phasing out the program because of continual problems with funding and disputes

between the consortium and NASA.  Frank Owens declar. p. 2.  The Executive Director of NPSC

requested on more than one occasion that Mr. Nurriddin be removed as Program Manager.  *Id*.

Plaintiff concedes that Mr. Owens received a disparaging letter about him from the Executive

Director of NPSC.  Nurriddin declar. p. 3.  According to the Agency, Mr. Nurriddin's removal

from the program was not a disciplinary action and it did not negatively impact his performance

appraisal.  Id. at 3.  Frank Owens Declar. p. 2.  Plaintiff disputes this assertion, contending that

the removal of duties made it less likely that he would be promoted in the future.  Nurriddin

declar. p. 3.

Here there was "no diminution in pay or benefits."  Accordingly, in order for plaintiff to

survive summary judgment, he must show that he "suffered objectively tangible harm" as a

consequence of defendant's action in removing his NPSC program responsibilities.  Plaintiff fails

to make such a showing.  Although he may have been in favor of discontinuing the program and

felt thwarted when was relieved of his duties, there is no evidence–save  his own

speculation–that his future career path at NASA was limited as a result.

**d.  Being denied leave and travel are not adverse employment actions.**

Plaintiff alleges in the amended complaint that he was denied travel opportunities but he

has not alleged and cannot prove that he has suffered objectively tangible harm as a result of the

denial of travel.   "It is not enough for plaintiff to say that because of the denial of travel his

general stature at NASA has suffered.  *See Lu v. Billington*, 2005 WL 670771, *6 (D.D.C. Mar.

22, 2005)(limited travel opportunities not an adverse employment action.)  Plaintiff must tie the

alleged discriminatory employment action to some actual, tangible adverse employment

consequence [citation omitted.]" *Nurriddin v. Goldin*, 382 F.Supp. 2d. at 101.

**PLAINTIFF FAILS TO MAKE OUT A PRIMA FACIE CASE OF HOSTILE WORK
ENVIRONMENT**

A "hostile work environment" is a form of disparate treatment that exists when the

plaintiff is subjected to a hostile, intimidating or offensive work environment that is sufficiently

pervasive or severe to alter the conditions of the plaintiff's employment.  *Harris v. Forklift*

*Systems, Inc.*, 510 U.S. 17 (1993).  In order to make out a claim for a hostile work environment,

plaintiff must show 1) that he is a member of a protected class; 2) he was subjected to

unwelcome harassment; 3) the harassment occurred because of his protected status; and 4) the

harassment affected a term, condition or privilege of his employment; and 5) the employer knew

or should have known of the harassment but failed to take any action to prevent it.  *Nurriddin v.*

*Goldin*, 382 F.Supp.2d 79, 107 (D.D.C. 2005).

The Supreme Court reemphasized in *Faragher v. City of Boca Raton*, 524 U.S. 775, 788

(1998), that the standards for finding a hostile work environment are "sufficiently demanding to

ensure that Title VII does not become a 'general civility code'" and that the conduct must be so

extreme as to amount to a change in the terms and conditions of employment.  The Supreme

Court directed the lower courts to determine whether an environment was sufficiently hostile or

abusive by looking at all the circumstances, including the "frequency of the discriminatory

conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive

utterance; and whether it unreasonably interferes with an employee's work performance."

*Faragher*, 524 U.S. at 787-88 (*quoting Harris v. Forklift Systems, Inc.*); *see also Nurriddin v. Goldin*, 382 F.Supp.2d at 108.

Here, just like in *Nurriddin v. Goldin*, 382 F.Supp.2d at 108, none of the alleged incidents described by plaintiff rise to the level of a hostile work environment.  Even if plaintiff's allegations are true, the incidents described are petty, workplace annoyances.  The alleged incidents occur over a two-year span and occur "intermittently", generally involve different individuals, and take place in separate contexts.  In addition, all of the alleged incidents taken together which plaintiff claims constitute a hostile work environment are one and the same as the individual, discrete employment actions which plaintiff contends are discriminatory and retaliatory.  Considering all of the alleged incidents *in toto*, the incidents do not come close to meeting the standards set by the courts for proving actionable race-based hostile environment.

## PLAINTIFF FAILS TO MAKE OUT A PRIMA FACIE CLAIM OF DISCRIMINATION AND RETALIATION

Plaintiff relies on incidents that he cannot demonstrate to have been the result of discrimination based on race, gender, religion, or protected activity.  *See Singh v. U.S. House of Representatives*, 300 F.Supp.2d 48, 57 (D.D.C. 2004) (plaintiff must make necessary causal connection between plaintiff's race, color and national origin, and the alleged mistreatment); *Lester v. Natsios*, 290 F.Supp.2d 11, 22 (D.D.C. 2003) (discrimination must be based on protected status); *Jones v Billington*, 12 F.Supp.2d 1, 11 (D.D.C. 1997)(as part of plaintiff's *prima facie* case, plaintiff must show that harassment was "because of" his race).

## PLAINTIFF FAILS TO STATE A CLAIM UNDER THE REHABILITATION ACT

The Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791 *et seq.*, prohibits discrimination against qualified handicapped employees and requires reasonable accommodation

in employment practices for qualified handicapped persons.  In order to come within the statute's

coverage, the plaintiff must suffer from an impairment that substantially limits a major life

activity.  *See Toyota Mfg. Kentucky Inc. v. Williams*, 534 U.S. 184 (2002); *Sutton v. United Air

Lines*, 527 U.S. 471 (1999).  An "individual with a disability" is one who: (1) has a physical or

mental impairment that substantially limits one or more major life activities; (2) has a record of

such impairment; or (3) is regarded as having such an impairment. 29 C.F.R. §1630.2(g).  Major

life activities include, but are not limited to, caring for oneself, performing manual tasks,

walking, seeing, hearing, speaking, breathing, learning, and working. 29 C.F.R. §1630.2(i).  In

order for a litigant to show that his impairment substantially limits a major life activity, he must

show that his impairment prevents him from performing a "substantial class" or "broad range" of

jobs.  *Marks v. Westphal*, 2002 WL 335510 (D.C. Cir.), citing *Duncan v. WMATA*, 240 F.3d

1110, 1114 (D.C. Cir. 2001)(en banc), quoting *Sutton v. United Air Lines, Inc.,* 527 U.S. 471,

491-92 (1999).  The Rehabilitation Act provides that the standards used to determine whether

there has been a violation of the statute are the same standards that are used under the Americans

with Disabilities Act of 1990.  See, e.g., 29 U.S.C. § 794 (citing 42 U.S.C. §§ 12111, 12201-

12204).

A plaintiff asserting a cause of action under the Rehabilitation Act must prove (1) that he

is a handicapped person within the meaning of the Act; (2) that he is otherwise qualified for the

job; and (3) he was discriminated against because of the handicap.  *White v. York Int'l Corp.*, 45

F.3d 357, 360-61 (10th Cir. 1995).  A failure to accommodate case involves a charge that the

defendant failed to provide a reasonable accommodation for the plaintiff's handicapping

condition.  *Taylor v. Small,* 350 F.3d 1286 (D.C. Cir. 2003).  Section 501 is the exclusive right

of action for federal employees.  Federal employees cannot bring suit under § 504 of the

Rehabilitation Act.  *Id.*

**Nurriddin did not have a condition that substantially limited the major life activity of working.**

The gravamen of Plaintiff's Rehabilitation Act claim is that he was incapable of working

for "Code FE management" or "FE Division Management."  His claim is that whenever he

worked under certain management officials, he experienced severe stress which was documented

by Plaintiff's mental heath care provider.  This led to plaintiff's insistence that he be placed in a

position that was not under the supervisory direction of Code FE management, although Plaintiff

never identified such a position.  Unfortunately for the Plaintiff, his inability to work for certain

managers or a team of managers does not mean that his impairment qualifies as a disability under

the Rehabilitation Act.  Plaintiff could still perform the job duties that he was hired to perform as

an Education Outreach Specialist or a Education Programs Specialist.  Amended Complaint ¶ 5.

This is borne out most forcefully by the evidence that Plaintiff successfully completed a one-year

detail at the National Science Foundation contemporaneously with his complaints that he was

incabable of successsfully performing for the FE Division management.  ("If the impact of an

impairment can be eliminated by changing the address at which an individual works, that

impairment is neither permanent nor long term."  *Haynes v. Williams*, 392 F.3d 478, 483 (D.C.

Cir. 2004).  Thus, Plaintiff cannot make out a prima facie case of discrimination under the

Rehabilitation Act which requires that Plaintiff be unable to work in a broad class of jobs.

> To be substantially limited in the major life activity of working, them, one must be precluded from more than one type of job, a specialized job, or a particular job of choice. If jobs utilizing an individual's skills (but perhpas not his or her unique talents) are available, one is not precluded from a substantial class of jobs.  Similarly, if a host of different types of jobs are available, one is not precluded from a broad range of jobs.

*Sutton*, 527 U.S. at 492.

**Mr. Nurriddin was not regarded as handicapped within the meaning of the Rehabilitation Act.**

Plaintiff alleges in the amended complaint that he was regarded as disabled by NASA management.  Amended complaint ¶¶ 127, 136.  However, the evidence is to the contrary.  NASA managers never acknowledged that Plaintiff was disabled under the Rehabilitation Act and there is certainly no evidence to suggest that NASA managers mistakenly believed that Mr. Nurriddin suffered from an impairment that substantial limits a major life activity.  Letter from Paulette C. Quinn to Dr. Echeverry, November 12, 1998.  *See Haynes v. Willams*, 392 F.3d 478 (D.C. Cir. 2004).

**Mr. Nurriddin is not otherwise qualified for the position that he held because he was not capable of maintaining attendance which is one of the essential functions of his job.**

In order to show that he was an "otherwise qualified" individual under the Rehabilitation Act, Plaintiff must show that he can perform all of the essential functions of the job.  Mr. Nurriddin demonstrated that he was incapable of regular attendance at his job and he was eventually terminated from his position because of his absences.  Amended complaint ¶ 91.

**PLAINTIFF CANNOT MAKE OUT A CLAIM FOR RETALIATION**

In order to make out a claim for retaliation under Title VII, a litigant must prove 1) that he engaged in protected activity, 2) that he was subject to an adverse action by his employer,  and 3) that there was a causal link between the adverse action and the protected activity.  *Broderick v. Donaldson*, 437 F.3d 1226 (D.C. Cir. 2006).  If plaintiff successfully makes out a prima facie case of retaliation, then under the *McDonnell Douglas Corp.* analysis, the burden of production shifts to defendant to show that it had legitimate non-discriminatory reasons for its actions.  If

16

defendant proffers evidence of legitimate non-discriminatory reasons for its actions, then the

burden of production shifts back to plaintiff to show, that there is an inference of discrimination

based upon all of the evidence.  *Broderick,* 437 F.3d at 1232.  In order to show that he suffered

an adverse employment action, plaintiff must show "'a significant change in employment status

such as hiring, firing, failing to promote, reassignment with significantly different

responsibilities, or a decision causing significant change in benefits'.  *Taylor v. Small*, 350 F.3d

1286, 1293 (D.C. Cir. 2003)(*quoting Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761

(1998)."  *Broderick* at 1233.

> [N]ot everything that makes an employee unhappy is an actional adverse action.  Minor
> and even trivial employment actions that an irritable, chip-on-the shoulder employee did
> not like would otherwise form the basis of a discrimination suit.  *Russell v. Principi*, 257
> F.3d 815, 818 (D.C. Cir. 2001).  While being aggrieved is necessary to state a claim for
> retaliation,...it is not sufficient to demonstrate that a particular employment action was
> adverse.  *Holcomb v. Powell*, 433 F.3d 889, 902 n. 4 (D.C. Cir. 2006)....Mere
> idiosyncracies of personal preference are not sufficient to state an injury.  *Brown*, 199
> F.3d at 457.

*Broderick*, at 1233.

<u>Conclusion</u>

Therefore, based on the foregoing, this case should be dismissed in its entirety.

Respectfully submitted,


___/s/_____
KENNETH L. WAINSTEIN
D.C. Bar No. 451058
United States Attorney


___/s/_____
RUDOLPH CONTRERAS
D.C. Bar No. 434122
Assistant United States Attorney


__/s/_____
CHARLOTTE A. ABEL
D.C. Bar No. 388582
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
(202) 307-2332


CERTIFICATE OF SERVICE

I certify that a copy of the foregoing motion was mailed, postage prepaid, on this 9th day

of June, 2006, to:

Ahmad Nurriddin
740 Sixth St., S.W.
Washington, D.C. 20024


_____
Charlotte A. Abel


18