UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
AHMAD B. NURRIDDIN,                                 )
                                                    )
            Plaintiff,                              )        Civil Action No. 04-2052 (JDB)
                                                    )
            v.                                      )
                                                    )
CHRISTOPHER SCOLESE,                                )
    ADMINISTRATOR,[1] NASA, *et al.*                )
                                                    )
            Defendants.                             )
_____)

DEFENDANTS' OPPOSITION TO MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

    Defendants Christopher Scolese, Acting Administrator of the National Aeronautics and

Space Administration ("NASA"), et al., though counsel, oppose Plaintiff's motion for a

Temporary Restraining Order and a Preliminary Injunction ("Plt's TRO Motion").  Plaintiff

alleges that in January 2009, NASA inappropriately sought information about the Plaintiff from

the Department of Labor ("DOL") Office of Workers' Compensation Program ("OWCP").

Plaintiff argues that NASA's request for information from OWCP constitutes harassment and

retaliation.  See Plt's TRO Motion, p. 7.  Plaintiff seeks a restraining order to prevent NASA

from seeking information regarding the Plaintiff from OWCP and seeks a hearing and a

preliminary injunction.  Id. at p. 8-9.

    In fact, NASA properly contacted OWCP in January 2009 regarding the Plaintiff.  NASA

pays DOL for NASA complainants that receive worker's compensation.  See 5 U.S.C. § 8147

(b).  NASA reviews and monitors all the worker's compensation case files for NASA claimants

_____
    [1]  Pursuant to Fed. R. Civ. P. 25(d)(1), Christopher Scolese, as Acting Administrator of
NASA, is substituted for Michael Griffin as Administrator of NASA.

that receive worker's compensation, including the case file for the Plaintiff.  Affidavit of Frances

A. Corradino ("Corradino Affidavit"), ¶ 2.  In the course of reviewing and monitoring Plaintiff's

case file in 2009, NASA appropriately contacted OWCP regarding the Plaintiff.  Therefore, the

Court should deny Plaintiff's motion to prevent NASA from seeking information from OWCP

regarding the Plaintiff.

## ARGUMENT

### I.    NASA's request for information concerning Plaintiff does not constitute harassment or retaliation

The Federal Employees Compensation Act program ("FECA"), 5 U.S.C. Chapter 81, is

financed by the Employee's Compensation Fund, which consists of monies appropriated by

Congress or contributed by agencies from operating revenues.  5 U.S.C. § 8147 (b).  The

chargeback system is the mechanism by which the costs of compensation for work-related

injuries and deaths are assigned to employing agencies annually at the end of the OWCP fiscal

accounting period.  Since all costs associated with each case are charged back to NASA, NASA

has a fiduciary responsibility to assure that all costs are accurate and relate to the claimant's

accepted medical condition.  See 5 U.S.C. § 8147(b).  Therefore, NASA reviews and verifies any

costs, such as medical bill payments and compensation for lost wages, associated with each case

which OWCP annually charges back to the Agency.  Attachment to Corradino Affidavit, Feb.

11, 2009 Corradino Summary ("Corradino Summary"), p. 1.  Such verifications of costs have

routinely been conducted over the phone with OWCP's claims examiners and through DOL's

Agency Query System ("AQS").  See Corradino Summary, p. 1.

In January 2009, NASA noted charges in Plaintiff's case file for a second opinion

medical evaluation, vocational rehabilitation counseling and a medical visit and consultation.

2

Corradino Summary, p. 3.  NASA called the claims examiner who informed NASA that the second opinion medical evaluation found that the Plaintiff was now capable of returning to work. Corradino Summary, p. 3-4.  The ability by Plaintiff to return to work would terminate the need for Plaintiff to receive worker's compensation and for NASA to pay for Plaintiff's worker compensation.  Thus, NASA appropriately requested from OWCP all recent medical reports that would reveal whether the Plaintiff was capable of returning to work.  Corradino Summary, p. 4 and Attachment #15.  OWCP denied NASA's request under the provisions of the Privacy Act and invited NASA if it believed the denial to be in error, to request again and cite the specific "use" for the documents.  Attachment #16, p. 1.  Here, NASA's intended use of the documents was to show an ability for the Plaintiff to return to work - as the claims examiner had informed NASA that the second opinion medical evaluation found that the Plaintiff was now capable of returning to work.  Corradino Summary, p. 3-4.  According to OWCP, "[e]xamples of appropriate requests for copies include ... copies of medical reports that show an ability for the claimant to return to work . . ." Attachment #16, p. 1.  Therefore, NASA appropriately made a request for medical documents that could indicate Plaintiff's ability to work.  Such a request does not constitute harassment or retaliation.  Consequently, the Court should deny Plaintiff's motion for an order preventing NASA from seeking information from OWCP concerning the Plaintiff.

**II.      Plaintiff does not meet the standard for injunctive relief**

Plaintiff does not meet the standards for injunctive relief.  "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."  <u>Univ. of Tex. v. Camenisch</u>, 451 U.S. 390, 395 (1981).  The D.C. Circuit holds that

injunctive relief is "an extraordinary remedy that should be granted only when the party seeking the relief, by a clear showing, carries the burden of persuasion." <u>Cobell v. Norton</u>, 391 F.3d 251, 258 (D.C. Cir. 2004). To warrant preliminary injunctive relief, the moving party must show: (1) a substantial likelihood of success on the merits; (2) that it would suffer irreparable injury if the injunction were not granted; (3) that an injunction would not substantially injure other interested parties; and (4) that the public interest would be furthered by the injunction. <u>E.g.</u>, <u>Chaplaincy of Full Gospel Churches v. England</u>, 454 F.3d 290, 297 (D.C. 2007); <u>Mova Pharmaceutical Corp.</u>, 140 F.3d 1060, 1066 (D.C. Cir. 1998) *quoting* <u>CityFed Financial Corp. v. Office of Thrift Supervision</u>, 58 F.3d 738, 746 (D.C. Cir. 1995) (internal quotation marks omitted). A district court must "balance the strengths of the requesting party's arguments in each of the four required areas." <u>CityFed</u>, 58 F.3d at 747. A party faces an even <u>greater</u> burden when it seeks injunctive relief, which, if granted, would interfere with governmental operations. <u>Yakus v. United States</u>, 321 U.S. 414, 440 (1940); <u>Virginia Railway Co. v. Systems Federation No. 40</u>, 300 U.S. 515, 552 (1937). Here, the Plaintiff does not meet these standards.

- *Plaintiff does not have a substantial likelihood of success on the merits*

As discussed above, NASA's request from OWCP for information on the Plaintiff does not constitute harassment or retaliation. Rather, such a request is in accordance with NASA's policy of reviewing and verifying any costs, such as medical bill payments and compensation for lost wages, associated with each case which OWCP annually charges back to the NASA. Attachment to Corradino Affidavit, Feb. 11, 2009 Corradino Summary ("Corradino Summary"), p. 1. Here, NASA appropriately made a request for medical documents that could indicate Plaintiff's ability to work. Therefore, Plaintiff does not have a substantial likelihood of success

4

on the merits of this argument.

● *Plaintiff would not suffer irreparable harm*

Plaintiff would not suffer irreparable harm by NASA verifying whether the Plaintiff is capable of working, or by NASA reviewing and verifying any costs, such as medical bill payments and compensation for lost wages, associated with Plaintiff's case which OWCP annually charges back to NASA.  To the extent that Plaintiff believes that these simple acts constitute retaliation or harassment in violation of Title VII, Plaintiff can exhaust such claims administratively and, ultimately, bring those claims before a District Court and seek make-whole relief.  Because such an avenue is available to Plaintiff, any alleged harm is not irreparable.  See generally, Sampson v. Murray, 415 U.S. 61 (1974).

● *An injunction would substantially injure other interested parties and the public interest would be hindered by the injunction*

Because all worker's compensation costs associated with NASA complainants is charged back to NASA, NASA has a fiduciary responsibility to assure that all costs are accurate and relate to the claimant's accepted medical condition.  See 5 U.S.C. § 8147(b).  The Plaintiff is no exception.  NASA's monetary interests would be harmed if it were not allowed to verify and review the DOL's charges associated with the Plaintiff's worker's compensation claims. Moreover, the taxpaying public's interest in making sure that the government is not making unwarranted payments would also be hindered.

**CONCLUSION**

For the foregoing reasons, the Court should deny the Plaintiff's motion for a TRO, a preliminary injunction, and a request for a hearing.

February 18, 2009                    Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____/s/_____
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing has been served on February 18, 2009 via postage

prepaid mail upon:


AHMAD B. NURRIDDIN
Room 312
740 Sixth Street, SW
Washington, DC 20024


_____/S/_____
ANDREA McBARNETTE, D.C. Bar  #483789
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153