# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AHMAD B. NURRIDDIN, | ) |
| | ) |
| Plaintiff, | )  Civil Case No.  04-2052 (JDB) |
| | ) |
| 1. | ) |
| | ) |
| CHARLES F. BOLDEN, JR., | ) |
| NATIONAL AERONAUTICS AND | ) |
| SPACE ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## ANSWER

Defendant, Charles F. Bolden, Jr., Administrator of the National Aeronautics and Space Administration, through counsel, respectfully submits the following Answer to Plaintiff's Second Amended Complaint:

### First Defense

Plaintiff failed to state a claim upon which relief may be granted.

### Second Defense

Plaintiff has failed to exhaust his administrative remedies.

### Third Defense

Plaintiff cannot establish that any alleged adverse action taken by the Defendant was motivated by a desire to retaliate against Plaintiff for his participation in protected activity.

### Fourth Defense

Defendant's actions with respect to Plaintiff were unrelated to his race, gender, religion, disability and/or any other prohibited reason; Defendant would have taken the same actions with

1

respect to Plaintiff regardless of his  race, gender, religion, and/or disability.

### Fifth Defense

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### Sixth Defense

Plaintiff has failed to mitigate his damages.

### Seventh Defense

Plaintiff's Complaint fails to allege a sufficient basis for the award/imposition of

attorneys' fees and/or costs.

### Eighth Defense

Plaintiff's own bad acts are the proximate cause of any alleged damages.

### Ninth Defense

Defendant exercised reasonable care to prevent and correct promptly any harassing

behavior, and Plaintiff unreasonably failed to use the preventive or corrective measures provided

by Defendant.

### Tenth Defense

Defendant is entitled to all immunities available under Federal constitutional, statutory

and decisional law.

### Eleventh Defense

Defendant raises any and all affirmative defenses available under Rule 8 and Rule 12 of

the Federal Rules of Civil Procedure.

### Twelfth Defense

Defendant reserves the right to raise such additional defenses revealed during the

development of a trial of this matter.

Thirteenth Defense

With respect to the numbered paragraphs of the Complaint, Defendant responds as follows:

With respect to the numbered paragraphs of the Complaint, Defendant responds as follows:

1.      Defendant admits that Plaintiff was converted from a contract worker to a civil servant in May 1991, and held the grade of GS-12, series code 0301, and position title of Publication Specialist. Plaintiff held this designation until reassignment on February 19, 1995, to a new position title of Education Outreach Program Specialist, with grade and series code unchanged. Subsequently, on November 9, 1998, Plaintiff received a promotion to grade GS-13, series code unchanged, and a new position title of Education Programs Specialist.

2.      This paragraph consists of legal conclusions concerning jurisdiction that require no response.

3.      Defendant admits that Plaintiff was converted from a contract worker to a civil servant in May 1991, and held the grade of GS-12, series code 0301, and position title of Publication Specialist. Plaintiff held this designation until reassignment on February 19, 1995, to a new position title of Education Outreach Program Specialist, with grade and series code unchanged. Subsequently, on November 9, 1998, Plaintiff received a promotion to grade GS-13, series code unchanged, and a new position title of Education Programs Specialist.

4.      Defendant admits the allegations in paragraph 4 of the Plaintiff's second amended complaint.

3

5.      Defendant admits that the current Administrator of NASA is Charles F. Bolden, Jr., and the location of NASA Headquarters.

6.      Defendant denies the allegations in paragraph 6 of the Plaintiff's second amended complaint, except that Defendant admits that Vicki Novak is a white female and was the Assistant Administrator for Human Resources.

7.      Defendant denies the allegations in paragraph 7 of the Plaintiff's second amended complaint, except that Defendant admits that Malcolm Phelps is a white male and was Plaintiff's first-level supervisor; that Defendant admits that Alfred Castillo is a Hispanic male and was Director, Headquarters Human Resources; that Defendant admits that Mark Batkin is Agency counsel.

8.      Defendant admits that Plaintiff was converted from a contract worker to a civil servant in May 1991, and held the grade of GS-12, series code 0301, and position title of Publication Specialist. Plaintiff held this designation until reassignment on February 19, 1995, to a new position title of Education Outreach Program Specialist, with grade and series code unchanged. Subsequently, on November 9, 1998, Plaintiff received a promotion to grade GS-13, series code unchanged, and a new position title of Education Programs Specialist.

9.      Defendant admits that Plaintiff was converted from a contract worker to a civil servant in May 1991, and held the grade of GS-12, series code 0301, and position title of Publication Specialist. Plaintiff held this designation until reassignment on February 19, 1995, to a new position title of Education Outreach Program Specialist, with grade and series code unchanged. Subsequently, on November 9, 1998, Plaintiff received a promotion to grade GS-13, series code unchanged, and a new position title of Education Programs Specialist.  Defendant admits

Plaintiff asked for and was granted a work detail to the National Science Foundation (NSF) during the period from February 1999 to February 2000.  Defendant admits upon Plaintiff's completion of his detail to NSF, Plaintiff's work station was located in the Headquarters Human Resources Division for several weeks.

10.     Defendant denies the allegations in paragraph 9 of the Plaintiff's second amended complaint, except that Defendant admits that Frank Owens is a white male and was Plaintiff's second-level supervisor.

11.     Defendant denies the allegations in paragraph 8 of the Plaintiff's second amended complaint, except that Defendant admits that Sherri McGee is a White female. Ms McGee was not the Plaintiff's first-level supervisor.

12.     Defendant denies the allegations in paragraph 12 of the Plaintiff's second amended complaint, except that Defendant admits that Adina Kanefield is a white female and was Agency counsel.

13.     Defendant denies the allegations in paragraph 13 of the Plaintiff's second amended complaint, except that Defendant admits that Andrew Falcon is a white male and is Agency counsel.

14.     Defendant denies the allegations in paragraph 14 of the Plaintiff's second amended complaint, except that Defendant admits that Dorothy Egbert is a white female and is an Agency Human Resources Specialist.

15.     Defendant denies the allegations in paragraph 15 of the Plaintiff's second amended complaint, except that Defendant admits that Sharmila deMello-Zieschang is South Asian (India) female and is an Agency Safety and Occupational Health Manager.

16.     Defendant denies the allegations in paragraph 16 of the Plaintiff's second amended complaint, except that Defendant admits that Michael Christensen is a white male and was Associate Administrator for Headquarters Operations.

17.     Defendant denies the allegations in paragraph 17 of the Plaintiff's second amended complaint, except that Defendant admits that Roberta Gross is a white female and was NASA's Inspector General.

18.     Defendant denies the allegations in paragraph 18 of the Plaintiff's second amended complaint, except that Defendant admits that Robert Stephens is a white male and was NASA's Deputy General Counsel.

19.     Defendant denies the allegations in paragraph 19 of the Plaintiff's second amended complaint, except that Defendant admits that Daniel Goldin is a white male and was NASA's Administrator.

20.     Defendant denies the allegations in paragraph 20 of the Plaintiff's second amended complaint, except that Defendant admits that Angela Diaz is a white female and was NASA's Deputy Associate Administrator for Education.

21.     Defendant denies the allegations in paragraph 21 of the Plaintiff's second amended complaint, except that Defendant admits that Dr. Clifford Houston is a male and was NASA's Deputy Associate Administrator for Education Programs.

22.     Defendant denies the allegations in paragraph 22 of the Plaintiff's second amended complaint, except that Defendant admits that by letter dated January 28, 2004, Plaintiff was provided notice of the decision to remove Plaintiff from his position and Federal service effective February 6, 2004.

23.     Defendant denies the allegations in paragraph 23 of the Plaintiff's second amended complaint.

24.     Defendant denies the allegations in paragraph 24 of the Plaintiff's second amended complaint, except that Defendant admits Plaintiff filed Agency EEO Case No. NCN-98-HQs-A011, also known as Nurriddin No. 4, and that Plaintiff's allegations are described in the Report of investigation for the case.

25.     Defendant denies the allegations in paragraph 25 of the Plaintiff's second amended complaint, except that Defendant admits Plaintiff filed Agency EEO Case No. NCN-98-HQs-A011, also known as Nurriddin No. 4, and that Plaintiff's allegations are described in the Report of investigation for the case.

26.     Defendant denies the allegations in paragraph 26 of the Plaintiff's second amended complaint, except that Defendant admits Plaintiff filed Agency EEO Case No. NCN-98-HQs-A034, also known as Nurriddin No. 5, and that Plaintiff's allegations are described in the Report of investigation for the case.

27.     Defendant denies the allegations in paragraph 27 of the Plaintiff's second amended complaint, except that Defendant admits Plaintiff filed Agency EEO Case No. NCN-98-HQs-A034, also known as Nurriddin No. 5, and that Plaintiff's allegations are described in the Report of investigation for the case.

28.     Defendant denies the allegations in paragraph 28 of the Plaintiff's second amended complaint, except that Defendant admits Plaintiff filed Agency EEO Case No. NCN-98-HQs-A055, also known as Nurriddin No. 6, and that Plaintiff's allegations are described in the Report of investigation for the case.

29.     Defendant denies the allegations in paragraph 29 of the Plaintiff's second amended
complaint, except that Defendant admits Plaintiff filed Agency EEO Case No. NCN-98-HQs-
A055, also known as Nurriddin No. 6, and that Plaintiff's allegations are described in the Report
of investigation for the case.

30.     Defendant denies the allegations in paragraph 30 of the Plaintiff's second amended
complaint, except that Defendant admits Plaintiff filed Agency EEO Case No. NCN-99- HQs-
A014, also known as Nurriddin No. 7, and that Plaintiff's allegations are described in the Report
of investigation for the case.

31.     Defendant denies the allegations in paragraph 31 of the Plaintiff's second amended
complaint, except that Defendant admits Plaintiff filed Agency EEO Case No. NCN-99- HQs-
A014, also known as Nurriddin No. 7, and that Plaintiff's allegations are described in the Report
of investigation for the case.

32.     Defendant denies the allegations in paragraph 32 of the Plaintiff's second amended
complaint, except that Defendant admits Plaintiff filed Agency EEO Case No. NCN-99-HQs-
A034, also known as Nurriddin No. 8, and that Plaintiff's allegations are described in the Report
of investigation for the case.

33.     Defendant denies the allegations in paragraph 33 of the Plaintiff's second amended
complaint, except that Defendant admits Plaintiff filed Agency EEO Case No. NCN-99-HQs-
A034, also known as Nurriddin No. 8, and that Plaintiff's allegations are described in the Report
of investigation for the case.

34.     Defendant denies the allegations in paragraph 34 of the Plaintiff's second amended
complaint, except that Defendant admits Plaintiff filed Agency EEO Case No. NCN-99-HQs-

A020, also known as Nurriddin No. 9, and that Plaintiff's allegations are described in the Report of investigation for the case.

35.     Defendant denies the allegations in paragraph 35 of the Plaintiff's second amended complaint, except that Defendant admits Plaintiff filed Agency EEO Case No. NCN-99-HQs-A020, also known as Nurriddin No. 9, and that Plaintiff's allegations are described in the Report of investigation for the case.

36.     Defendant denies the allegations in paragraph 36 of the Plaintiff's second amended complaint, except that Defendant admits Plaintiff filed Agency EEO Case No. NCN-02-HQs-A020, also known as Nurriddin No. 10, and that Plaintiff's allegations are described in the Report of investigation for the case.

37.     Defendant denies the allegations in paragraph 37 of the Plaintiff's second amended complaint, except that Defendant admits Plaintiff filed Agency EEO Case No. NCN-02-HQs-A020, also known as Nurriddin No. 10, and that Plaintiff's allegations are described in the Report of investigation for the case.

38.     Defendant denies the allegations in paragraph 38 of the Plaintiff's second amended complaint, except that Defendant admits Plaintiff filed Agency EEO Case No. NCN-04-HQs-A029MC, also known as Nurriddin No. 11, and that Plaintiff's allegations are described in the Report of investigation for the case.

39.     Defendant denies the allegations in paragraph 39 of the Plaintiff's second amended complaint, except that Defendant admits Plaintiff filed Agency EEO Case No. NCN-04-HQs-A029MC, also known as Nurriddin No. 11, and that Plaintiff's allegations are described in the Report of investigation for the case.

40.     Defendant denies the allegations in paragraph 40 of the Plaintiff's amended complaint,
except that Defendant admits Plaintiff filed Agency EEO Case Nos. NCN-98-HQs-A011 (No. 4),
NCN-98-HQs-A034 (No. 5), NCN-98-HQs-A055 (No. 6), NCN-99-HQs-A014 (No. 7), NCN-
99-HQs-A034 (No. 8), and NCN-01-HQs-A020 (No. 9), which were the subject of a Final
Agency Decision, dated April 15, 2002 and an EEOC Appeal Decision dated September 30,
2004.

41.     Defendant denies the allegations in paragraph 41 of the Plaintiff's second amended
complaint, except that Defendant admits Plaintiff filed Agency EEO Case No. NCN-02-HQs-
A020, also known as Nurriddin No. 10, and that Plaintiff's allegations are described in the
Report of investigation for the case.

42.     Defendant denies the allegations in paragraph 42 of the Plaintiff's amended complaint
that he experienced a continuous pattern of discriminatory and retaliatory actions and practices
in his employment tenure at NASA.

43.     Defendant denies the allegations in paragraph 43 of the Plaintiff's second amended
complaint, except that Defendant admits that Plaintiff was converted from a contract worker to a
civil servant effective May 5, 1991, and held the grade of GS-12 step 5 with a salary of $42,266,
series code 0301, position title of Publication Specialist with no promotion potential.

44.     Defendant denies the allegations in paragraph 44 of the Plaintiff's second amended
complaint, except that Defendant admits that Plaintiff was converted from a contract worker to a
civil servant effective May 5, 1991, and held the grade of GS-12 step 5 with a salary of $42,266,
series code 0301, position title of Publication Specialist with no promotion potential. Plaintiff
held this designation until reassignment on February 19, 1995, to a new position title of

Education Outreach Program Specialist, with grade and series code unchanged. Subsequently, on November 9, 1998, Plaintiff received a promotion to grade GS-13, series code unchanged, and a new position title of Education Programs Specialist.

45.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 45 of the Plaintiff's second amended complaint.

46.     Defendant denies the allegations contained in paragraph 46 of the Plaintiff's second amended complaint.

47.     Defendant denies the allegations contained in paragraph 47 of the Plaintiff's second amended complaint.  The Defendant admits that separate education programs existed in the Agency.

48.     Defendant denies the allegations in paragraph 48 of the Plaintiff's second amended complaint, except that Defendant admits that Plaintiff was converted from a contract worker to a civil servant effective May 5, 1991, and held the grade of GS-12 step 5 with a salary of $42,266, series code 0301, position title of Publication Specialist with no promotion potential.  Plaintiff held this designation until reassignment on February 19, 1995, to a new position title of Education Outreach Program Specialist, with grade and series code unchanged.  Subsequently, on November 9, 1997, Plaintiff received a promotion to grade GS-13, series code unchanged, and a new position title of Education Programs Specialist.

49.     Defendant denies the allegations in paragraph 49 of the Plaintiff's second amended complaint.  Defendant avers that Plaintiff was reassigned to the position of Education Outreach program Specialist effective February 19, 1995, as a GS-12, and was promoted to a GS-13 effective November 9, 1997.

11

50.     Defendant denies the allegations in paragraph 50 of the Plaintiff's second amended complaint, except that Defendant admits that Plaintiff has received some accolades and letters of appreciation from individuals both within and outside of NASA.

51.     Defendant denies the allegations contained in paragraph 51 of the Plaintiff's second amended complaint.

52.     Defendant denies the allegations contained in paragraph 52 of the Plaintiff's second amended complaint.

53.     Defendant admits the allegations contained in paragraph 53 of the Plaintiff's second amended complaint.

54.     Defendant denies the allegations in paragraph 54 of the Plaintiff's second amended complaint, except that Defendant admits that Plaintiff received the rating of "Outstanding" for the previous rating period.

55.     Defendant denies the allegations in paragraph 55 of the Plaintiff's second amended complaint, except that Defendant admits that Plaintiff received an $800.00 performance award in 1996.

56.     Defendant denies the allegations in paragraph 56 of the Plaintiff's second amended complaint, except that Defendant admits that Plaintiff filed several EEO complaints during 1997.

57.     Defendant denies the allegations in paragraph 57 of the Plaintiff's second amended complaint, except that Defendant admits that in July 1997, Dr. Phelps rated Plaintiff's performance as "Fully Successful".

58.     Upon information and belief, Defendant denies the allegations in Paragraph 58 of the Plaintiff's second amended complaint, except to admit that there was apparently a discussion or

discussions between Dr. Phelps, Plaintiff and/or other NASA employees with regard to the

participation of a female student, Valerie Ambrose, in NASA sponsored events.

59.      Defendant denies the allegations contained in paragraph 59 of the Plaintiff's second

amended complaint that Dr. Phelps lowered Plaintiff's performance evaluation because he

attended too many minority conferences.  Defendant admits that Dr. Phelps' testimony is

consistent with this denial.  Defendant admits that Dr. Dasch recalled a conversation with Dr.

Phelps during which it was discussed that the Plaintiff was attending a lot of minority

conferences.  Dr. Dasch recalled that he probably started the discussion.

60.      Defendant denies the allegations contained in paragraph 60 of the Plaintiff's second

amended complaint.

61.      Defendant denies the allegations contained in paragraph 61 of the Plaintiff's second

amended complaint except that Defendant admits that Dr. Dasch referred to himself as

Nurriddin's "informal supervisor" because Plaintiff informally worked with Dr. Dasch's program

group.  Plaintiff worked for Dr. Dasch's program group for several years.  Dr. Dasch found

Plaintiff's work to be poor, in part, because Plaintiff did not do the things that Dr. Dasch asked

him to do for his program.

62.      Defendant denies the allegations contained in paragraph 62 of the Plaintiff's second

amended complaint except Defendant admits the Plaintiff received a "congratulations for a job

well done" letter dated August 22, 1997 from Dr. Gerald Soffen and a "thank you" letter dated

August 2, 1997 from Mr. Kwesi Mfume. Defendant lacks sufficient information to admit or deny

the remaining allegations in paragraph 63.

63.      Defendant denies the allegations contained in paragraph 63 of the Plaintiff's second

amended complaint except Defendant admits that based on the Plaintiff's urging, the Education
Division requested that plaintiff's employment series be changed to a 1701 series.  Ms. McGee
submitted the request to Personnel on July 16, 1996.

64.      Defendant denies the allegations contained in paragraph 64 of the Plaintiff's second
amended complaint except Defendant admits an EEO Counselor stated that Mr. Woods stated he
had previously stopped working on the issue because the General Counsel's office told him to
stop.

65.      Defendant denies the allegations contained in paragraph 65 of the Plaintiff's second
amended complaint except Defendant admits Mr. Woods in an affidavit stated that "My review
of the information provided by Mr. Nurriddin found that he lacked the education required to be
placed in the 1701 job series. A degree in education or 24 credit hours in education are
minimally required in order to be placed in the 1701 series."

66.      Defendant denies the allegations contained in paragraph 66 of the Plaintiff's second
amended complaint.

67.      Defendant lacks sufficient information to admit or deny the allegations contained in
paragraph 67 of the Plaintiff's second amended complaint except Defendant admits Ms. McGee
in an e-mail dated 11 July 1997, indicated straws would be drawn if more than one person was
interested in a specific office space and another e-mail dated 19 December1997, acknowledged
staff's interest in an open window office and described a fair process for selecting the office's
new occupant.

68.      Defendant denies the allegations contained in paragraph 68 of the Plaintiff's second
amended complaint except Defendant admits Frank Owens removed Plaintiff's NPSC

responsibilities in April 1998.

69.     Defendant denies the allegations contained in paragraph 69 of the Plaintiff's second
amended complaint except Defendant admits Frank Owens removed Plaintiff's NPSC
responsibilities in April 1998.

70.     Defendant denies the allegations contained in paragraph 70 of the Plaintiff's second
amended complaint except Defendant admits Plaintiff was criticized for untimely grant
processing.

71.     Defendant denies the allegations contained in paragraph 70 of the Plaintiff's second
amended complaint.

72.     Defendant denies the allegations contained in paragraph 72 of the Plaintiff's amended
complaint except Defendant admits Frank Owens sent an e-mail dated 12 June 1998, to Pam
Mountjoy, Kevin Durham with cc to Sherri McGee and Judy Knight.

73.     Defendant denies the allegations contained in paragraph 73 of the Plaintiff's second
amended complaint.

74.     Defendant denies the allegations contained in paragraph 74 of the Plaintiff's second
amended complaint except Defendant admits Ms. Vicki Novak stated in an affidavit that she
recalled talking with the Plaintiff about his health and working environment.  Ms. Novak knew
Plaintiff was unhappy and was seeking changes, so she looked for job opportunities outside of
Code F and found none.

75.     Defendant denies the allegations contained in paragraph 75 of the Plaintiff's second
amended complaint.

76.     Defendant lacks sufficient information to admit or deny the allegations contained in

paragraph 76 of the Plaintiff's second amended complaint except Defendant admits on or about 11 September 1998, Mr. Owens talked with Plaintiff about his request for detail to the NSF.  In an affidavit dated 30 August 1999, while Mr. Owens discussed plaintiff's detail stated: "This is what I related and it in no way suggested that he needed to drop his EEO complaints in order for the transfer to be considered."

77.     Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 77 of the Plaintiff's second amended complaint except Defendant admits Plaintiff alleged he was stalked by his supervisor on 24 August 1998, and approximately two weeks later on 2 September 1998, called the Federal Protective Service (FPS).  The subsequent FPS report documented that "… there was no verbal or physical threat or any assault towards him (Plaintiff)."

78.     Defendant denies the allegations contained in paragraph 78 of the Plaintiff's second amended complaint except Defendant admits Mr. Gary Gans was promoted in 1998.

79.     Defendant denies the allegations contained in paragraph 79 of the Plaintiff's second amended complaint except Defendant admits Plaintiff was issued a letter of reprimand dated 24 August 1998, for failure to follow procedures concerning conference attendance and failure to follow directions.

80.     Defendant denies the allegations contained in paragraph 80 of the Plaintiff's second amended complaint except Defendant admits Plaintiff was issued a letter of reprimand dated 26 August 1998, and on the same date, a contractor signed the counselor's report for one of Plaintiff's claims then being administratively processed.

81.     Defendant denies the allegations contained in paragraph 81 of the Plaintiff's second

16

amended complaint.

82.     Defendant lacks sufficient information to admit or deny the allegations contained in

paragraph 82 of the Plaintiff's second amended complaint except Defendant admits on or about

11 September 1998, Mr. Owens talked with Plaintiff about his request for detail to the NSF.  In

an affidavit dated 30 August 1999, while Mr. Owens discussed plaintiff's detail stated: "This is

what I related and it in no way suggested that he needed to drop his EEO complaints in order for

the transfer to be considered."

83.     Defendant denies the allegations contained in paragraph 83 of the Plaintiff's second

amended complaint.

84.     Defendant denies the allegations contained in paragraph 84 of the Plaintiff's second

amended complaint except Defendant admits: Plaintiff was issued a leave restriction letter dated

16 September 1998, due to his failure to communicate regarding his leave; Plaintiff was issued

letters of reprimand dated 24 August 1998, and 30 October 1998; Plaintiff was grated nine hours

of administrative leave to prepare for one of his administrative complaints; Plaintiff was denied

travel to conferences not directly or specifically related to Plaintiff's responsibilities.

85.     Defendant denies the allegations contained in paragraph 85 of the Plaintiff's second

amended complaint except Defendant admits while Plaintiff raised the issue of his EEO

complaints with his supervisor, his supervisor remarked in frustration something to the effect –

that he and I both knew that all of the many complaints and issues that he had raised were a

bunch of bullshit.

86.     Defendant is without knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in paragraph 86 of the Plaintiff's second amended

complaint, and therefore denies them.

87.     Defendant denies the allegations contained in paragraph 87 of the Plaintiff's second amended complaint.

88.     Defendant denies the allegations contained in paragraph 88 of the Plaintiff's second amended complaint.

89.     Defendant denies the allegations contained in paragraph 89 of the Plaintiff's second amended complaint.

90.     Defendant denies the allegations contained in paragraph 90 of the Plaintiff's second amended complaint.

91.     Defendant denies the allegations contained in paragraph 91 of the Plaintiff's second amended complaint.

92.     Defendant denies the allegations contained in paragraph 92 of the Plaintiff's second amended complaint except Defendant admits Plaintiff asked for and was granted a work detail to the National Science Foundation (NSF) during the period from February 1999 to February 2000.

93.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 93 of the Plaintiff's second amended complaint, and therefore denies them except Defendant admits Plaintiff received a "meets expectations" rating while on detail to the National Science Foundation.

94.     Defendant denies the allegations contained in paragraph 94 of the Plaintiff's second amended complaint except Defendant admits Deborah Galloway received a performance award while Plaintiff was on a work detail to the National Science Foundation.

95.     Defendant denies the allegations contained in paragraph 95 of the Plaintiff's second

amended complaint except Defendant admits upon Plaintiff's completion of his detail to

National Science Foundation, Plaintiff's work station was located in the Headquarters Human

Resources Division for several weeks.

96.     Defendant denies the allegations contained in paragraph 96 of the Plaintiff's second

amended complaint except Defendant admits Mr. Castillo stated in an affidavit dated 18

September 2001, that he was aware of Plaintiff's accommodation request; that due to other

proprieties it took a long time to review; that since Plaintiff was represented by counsel Mr.

Castillo engaged the Agency's legal counsel.

97.     Defendant denies the allegations contained in paragraph 97 of the Plaintiff's second

amended complaint except Defendant admits Ms. Britt stated during a deposition on 21

November 2001, that headquarters did not have specific policies, but used guidelines from

regulations.

98.     Defendant is without knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in paragraph 98 of the Plaintiff's second amended

complaint and therefore denies.

99.     Defendant denies the allegations contained in paragraph 99 of the Plaintiff's second

amended complaint except Defendant admits the text quoted in paragraph 99 of the Plaintiff's

second amended complaint was part of a memo.

100.    Defendant is without knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in paragraph 100 of the Plaintiff's second amended

complaint, and therefore denies them.

101.    Defendant denies the allegations contained in paragraph 101 of the Plaintiff's second

amended complaint except Defendant admits the text quoted in paragraph 101 of the Plaintiff's second amended complaint was part of an e-mail.

102.    Defendant denies the allegations contained in paragraph 102 of the Plaintiff's second amended complaint except Defendant admits the text quoted in paragraph 102 of the Plaintiff's second amended complaint was part of an e-mail.

103.    Defendant denies the allegations contained in paragraph 103 of the Plaintiff's second amended complaint except Defendant admits Plaintiff's doctors provided some relevant medical documentation regarding Plaintiff.

104.    Defendant denies the allegations contained in paragraph 104 of the Plaintiff's second amended complaint.

105.    Defendant denies the allegations contained in paragraph 105 of the Plaintiff's second amended complaint except Defendant admits the text quoted in paragraph 105 of the Plaintiff's second amended complaint was part of a memo.

106.    Defendant denies the allegations contained in paragraph 106 of the Plaintiff's second amended complaint except Defendant admits Mr. Castillo expressed frustration regarding the adequacy of Dr. Conway's "review" of Plaintiff's medical status.

107.    Defendant denies the allegations contained in paragraph 107 of the Plaintiff's second amended complaint except Defendant admits that most of the text quoted in paragraph 107 of the Plaintiff's second amended complaint was part of an e-mail.

108.    Defendant denies the allegations contained in paragraph 108 of the Plaintiff's second amended complaint except Defendant admits that most of the text quoted in paragraph 108 of the Plaintiff's second amended complaint was part of an e-mail.

109.   Defendant denies the allegations contained in paragraph 109 of the Plaintiff's second amended complaint.

110.   Defendant denies the allegations contained in paragraph 110 of the Plaintiff's second amended complaint.

111.   Defendant denies the allegations contained in paragraph 111 of the Plaintiff's second amended complaint.

112.   Defendant denies the allegations contained in paragraph 112 of the Plaintiff's second amended complaint.

113.   Defendant denies the allegations contained in paragraph 113 of the Plaintiff's second amended complaint except Defendant admits that most of the text quoted in paragraph 113 of the Plaintiff's second amended complaint was part of an e-mail.

114.   Defendant denies the allegations contained in paragraph 114 of the Plaintiff's second amended complaint except Defendant admits that most of the text quoted in paragraph 114 of the Plaintiff's second amended complaint was part of an e-mail.

115.   Defendant denies the allegations contained in paragraph 115 of the Plaintiff's second amended complaint except Defendant admits that most of the text quoted in paragraph 115 of the Plaintiff's second amended complaint was part of an e-mail.

116.   Defendant denies the allegations contained in paragraph 116 of the Plaintiff's second amended complaint.

117.   Defendant denies the allegations contained in paragraph 117 of the Plaintiff's second amended complaint except Defendant admits that most of the text quoted in paragraph 117 of the Plaintiff's second amended complaint was part of an e-mail.

21

118.     Defendant denies the allegations contained in paragraph 118 of the Plaintiff's second amended complaint except Defendant admits that most of the text quoted in paragraph 118 of the Plaintiff's second amended complaint was part of an e-mail.

119.     Defendant denies the allegations contained in paragraph 119 of the Plaintiff's second amended complaint except Defendant admits that text quoted in paragraph 119 of the Plaintiff's second amended complaint was part of an e-mail.

120.     Defendant admits the allegation contained in paragraph 120 of the Plaintiff's second amended complaint.

121.     Defendant denies the allegations contained in paragraph 121 of the Plaintiff's second amended complaint except Defendant admits Plaintiff was AWOL for part of the period described in paragraph 121 of the Plaintiff's second amended complaint.

122.     Defendant admits the allegation contained in paragraph 122 of the Plaintiff's second amended complaint.

123.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 123 of the Plaintiff's second amended complaint, and therefore denies them.

124.     Defendant denies the allegations contained in paragraph 124 of the Plaintiff's second amended complaint.

125.     Defendant denies the allegations contained in paragraph 125 of the Plaintiff's second amended complaint.

126.     Defendant denies the allegations contained in paragraph 126 of the Plaintiff's second amended complaint.

127.    Defendant denies the allegations contained in paragraph 127 of the Plaintiff's second amended complaint.

128.    Defendant denies the allegations contained in paragraph 128 of the Plaintiff's second amended complaint except Defendant admits some of the text quoted in paragraph 128 of the Plaintiff's second amended complaint was part of an e-mail.

129.    Defendant denies the allegations contained in paragraph 129 of the Plaintiff's second amended complaint except Defendant admits some of the text quoted in paragraph 129 of the Plaintiff's second amended complaint was part of an e-mail.

130.    Defendant denies the allegations contained in paragraph 130 of the Plaintiff's second amended complaint except Defendant admits some of the text quoted in paragraph 130 of the Plaintiff's second amended complaint was part of an e-mail.

131.    Defendant denies the allegations contained in paragraph 131 of the Plaintiff's second amended complaint.

132.    Defendant denies the allegations contained in paragraph 132 of the Plaintiff's second amended complaint except Defendant admits some of the text quoted in paragraph 132 of the Plaintiff's second amended complaint was part of an e-mail.

133.    Defendant denies the allegations contained in paragraph 133 of the Plaintiff's second amended complaint except Defendant admits some of the text quoted in paragraph 133 of the Plaintiff's second amended complaint was part of an e-mail.

134.    Defendant denies the allegations contained in paragraph 134 of the Plaintiff's second amended complaint.

135.    Defendant denies the allegations contained in paragraph 135 of the Plaintiff's second

amended complaint except Defendant admits some of the text quoted in paragraph 135 of the Plaintiff's second amended complaint was part of an e-mail.

136.     Defendant denies the allegations contained in paragraph 136 of the Plaintiff's second amended complaint.

137.     Defendant denies the allegations contained in paragraph 137 of the Plaintiff's second amended complaint.

138.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 138 of the Plaintiff's second amended complaint except Defendant admits Plaintiff's OWCP benefits were terminated and reinstated by the Department of Labor, OWCP.

139.     Defendant denies the allegations contained in paragraph 139 of the Plaintiff's second amended complaint.

140.     Defendant denies the allegations contained in paragraph 140 of the Plaintiff's second amended complaint except Defendant admits: Dr. Houston was aware of Plaintiff's condition and prior EEO activity but that knowledge did not influence Dr. Houston's actions or determinations; Ms. Diaz was the Agency Deciding Official on Plaintiff's termination.

## COUNT I

141.     Paragraphs 1 through 141 are incorporated by reference.

142.     Defendant denies the allegations contained in paragraph 142 of the Plaintiff's second amended complaint.

143.     Defendant denies the allegations contained in paragraph 143 of the Plaintiff's second amended complaint.

144.    Defendant denies the allegations contained in paragraph 144 of the Plaintiff's second amended complaint.

145.    Defendant denies the allegations contained in paragraph 145 of the Plaintiff's second amended complaint.

## COUNT II

146.    Paragraphs 1 through 145 are incorporated by reference.

147.    Defendant denies the allegations contained in paragraph 147 of the Plaintiff's second amended complaint.

148.    Defendant denies the allegations contained in paragraph 148 of the Plaintiff's second amended complaint.

150.    Defendant denies the allegations contained in paragraph 150 of the Plaintiff's second amended complaint.

## COUNT III

151.    Paragraphs 1 through 150 are incorporated by reference.

152.    Defendant denies the allegations contained in paragraph 152 of the Plaintiff's second amended complaint.

153.    Defendant denies the allegations contained in paragraph 153 of the Plaintiff's second amended complaint.

154.    Defendant denies the allegations contained in paragraph 154 of the Plaintiff's second amended complaint.

155.    Defendant denies the allegations contained in paragraph 155 of the Plaintiff's second amended complaint.

## COUNT IV

156.    Paragraphs 1 through 155 are incorporated by reference.

157.    Defendant denies the allegations contained in paragraph 157 of the Plaintiff's second amended complaint.

158.    Defendant denies the allegations contained in paragraph 158 of the Plaintiff's second amended complaint.

159.    Defendant denies the allegations contained in paragraph 159 of the Plaintiff's second amended complaint.

160.    Defendant denies the allegations contained in paragraph 160 of the Plaintiff's second amended complaint.

161.    Defendant denies the allegations contained in paragraph 161 of the Plaintiff's second amended complaint.

**COUNT V – DISMISSED December 4, 2009**


**COUNT VI – DISMISSED December 4, 2009**


**COUNT VII – DISMISSED December 4, 2009**


**COUNT VIII – DISMISSED December 4, 2009**


**COUNT IX**

189.   Paragraphs 1 through 189 are incorporated by reference.

190.   Defendant denies the allegations contained in paragraph 190 of the Plaintiff's second amended complaint.

191.   Defendant denies the allegations contained in paragraph 191 of the Plaintiff's second amended complaint.

192.   Defendant denies the allegations contained in paragraph 192 of the Plaintiff's second amended complaint.

193.   Defendant denies the allegations contained in paragraph 193 of the Plaintiff's second amended complaint.

PRAYER FOR RELIEF

This section of Plaintiff's Second Amended Complaint constitutes Plaintiff's Prayer for Relief and as such requires no response.  To the extent a response is deemed to be required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation in the Complaint.

Dated: February 1, 2010       Respectfully submitted,

         /s/
CHANNING D. PHILLIPS, D.C. BAR #415793
United States Attorney

         /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

         /s/
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

28